**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JADA RESTAURANT GROUP, LLC, TRE TRATTORIA,  TWO BROS BBQ, SJ2 RESTAURANT GROUP, LLC, CHISPAS,  DADY RESTAURANTS, LLC,  RANGE,  ALAMO BBQ COMPANY,  DADY PREMIER CATERING, LLC,  DADY PREMIER CATERING, | § § § § § § § § § | SA-20-CV-00807-XR |
| *Plaintiffs* | § | |
| -vs- | § § | |
| ACADIA INSURANCE COMPANY, CHRISTOPHER MICHELS, | § § § | |
| *Defendants* | § | |

## ORDER

On this date, the Court considered Plaintiffs' motion to remand (ECF No. 7) and Defendant Acadia Insurance Company's Response (ECF No. 8). The issue is whether Defendant Christopher Michels is improperly joined. After careful consideration, the court grants the motion to remand.

## BACKGROUND

This insurance dispute arises out of the state and local orders mandating the closure of certain businesses due to the ongoing COVID-19 pandemic. Plaintiffs are owners of numerous restaurants[1] in Bexar County and Travis County, Texas. ECF No. 7 ¶ 1. For each of these businesses, Plaintiffs purchased a business insurance policy from Defendant Acadia Insurance Co. ("the Policy"). *Id*. The Policy provided coverage for property, business personal property, business

---

[1] Plaintiffs' dine-in restaurants in the Counties are located at 200 W. Jones Ave #201, San Antonio, Texas; 125 E. Houston St., San Antonio, Texas 78205; 12656 West Ave. #B, San Antonio, Texas 78216; 509 & 511 E. Grayson, San Antonio, Texas 78215; and 214 W. 4th St, Austin, Texas 78701. ECF No. 7 ¶ 1.

income, and more. ECF No. 1-3 ¶ 7. There is no dispute that the policy was active and that the Plaintiffs had paid all required premiums for the Policy.

In the winter of 2020, the world was faced with the unprecedented outbreak of a novel, highly infectious coronavirus. On January 30, 2020, the World Health Organization declared that the coronavirus outbreak, which caused a disease called Covid-19, was a public health emergency. *Id*. ¶ 8. Over the next month and a half, the coronavirus continued to spread in the United States and around the world. On March 13, 2020, the Governor of Texas issued a Declaration of State Disaster as a result of increasing coronavirus infections in the State. *Id*. ¶ 10. About ten days later, Bexar County and Travis County issued shelter-in-place orders. *Id*. On March 31, 2020, the Governor of Texas issued a state-wide shelter-in-place order and ordered the closure of all "non-essential" businesses. *Id*. Under these orders, restaurants were limited to take-out or delivery service. *Id*.

Plaintiffs sustained heavy income losses as a result of the closures. ECF. No. 7 ¶ 1. On March 25, 2020, Plaintiffs reported a claim for business interruption losses to Defendant Acadia. ECF No. 8 ¶ 2. Defendant Acadia assigned Defendant Christopher Michels, an insurance adjuster, to investigate the case. After Michels completed the investigation, Acadia denied the claim. *Id*. Acadia asserts that the losses were not covered by the Policy because the policy contains an exclusion for losses caused by a virus and because there was no showing of direct physical loss of or damage to property. *Id*.

On June 19, 2020, Plaintiffs filed their First Amended Original Petition in Texas state court. *See* ECF No. 1-3. Plaintiffs allege that Defendant Michels conducted an outcome-oriented investigation of Plaintiffs' claims. ECF No. 7 ¶ 2. They assert that Michels made no requests for documentation or information relating to the claim and denied the claim so quickly that he could

not have conducted a proper or thorough investigation. *Id*. On June 24, 2020, Acadia sent Plaintiff written notice under Texas Insurance Code section 542A.006(a) that it was accepting any potential liability for Defendant Michels. ECF No. 8 ¶ 3.

On July 10, 2020, Defendant Acadia removed the state court action to this Court, asserting diversity jurisdiction. *See* ECF No. 1. On August 12, 2020, Plaintiffs filed the instant motion to remand the case to state court. *See* ECF No. 7. Plaintiffs argue that the diversity of citizenship requirement of 28 U.S.C. § 1332 is not satisfied because both Plaintiffs and Defendant Michels are Texas citizens. *Id*. ¶ 3. Defendant Acadia argues that Defendant Michels is improperly joined to this action as a result of its Chapter 542A election to accept liability on Michels' behalf and because Plaintiffs fail to state a claim against Michels. ECF No. 8 ¶ 4.

## DISCUSSION

### I.    Standard of Review

A party may remove an action from state court to federal court if the action is one over which the federal court possesses original subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). Citizenship of the parties and amount in controversy are based on the facts as they existed at the time removal. *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand. *Vantage Drilling Co. v. Hsin–Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

A removing party can establish federal jurisdiction based on 28 U.S.C. § 1332 by demonstrating that an in-state defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must

show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)–type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. However, in some cases a plaintiff may state a claim, but misstate or omit discrete facts that would determine the propriety of joinder, in such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. The burden is on the removing party, and the burden of demonstrating improper joinder is a heavy one. *Cuevas v. BAC Home Loans Servicing*, LP, 648 F.3d 242, 249 (5th Cir. 2011) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

## II.     Application

Plaintiffs argue that remand is proper because this Court does not have jurisdiction to hear the case. That is, Plaintiffs and Defendant Michels are both Texas citizens, so there is not complete diversity as required by 28 U.S.C. § 1332. Plaintiffs argue that Chapter 542A of the Texas Insurance Code does not apply to Plaintiffs' claim, so Defendant Acadia's acceptance of Defendant Michels' liability pursuant to that Chapter was inappropriate. ECF No. 7 ¶ 8. Plaintiffs then argue that they pled valid causes of action against Defendant Michels, so his joinder in the

case was "not merely a pretext to defeat diversity jurisdiction." *Id.* ¶ 14. For the reasons stated herein, the Court grants Plaintiffs' motion to remand.

    A.  <u>Chapter 542A does not apply to Plaintiffs' claim.</u>

    Plaintiffs assert that Chapter 542A does not apply to their insurance claim. Section 542A.002 of the Texas Insurance Code states that the Chapter applies to claims against insurers or agents alleging breach of contract, negligence, misrepresentation, fraud, or breach of a common law duty, or an action brought under Subchapter B, Chapter 542. TEX. INS. CODE § 542A.002. That Chapter defines "claim" as a first-party claim that "arises from damage to or loss of covered property caused, wholly or partly, by forces of nature, including an earthquake or earth tremor, a wildfire, a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm." *Id.* § 542A.001(2)(c). Plaintiffs argue that the list in this section limits its coverage to weather events. ECF No. 7 ¶ 8.

    Defendant Acadia responds that the statute applies to all "forces of nature" and is not limited to weather events. Defendant equates "forces of nature" to "acts of God," which Black's Law Dictionary defines as "an operation of natural forces so unexpected that no human foresight or skill could reasonably be expected to anticipate it." ECF No. 8 ¶ 8 (citing *Act of God*, Black's Law Dictionary 41 (10th ed. 2014) and P.H. Winfield, *A Textbook on the Law of Torts* § 16, at 45-46 (5th ed. 1950)). Defendant also asserts that the statutory construction canon *ejusdem generis*, which posits that general words following specific enumerations must be construed to embrace objects similar to those enumerated by the statute, does not apply because the specific words are not followed by a general, catchall term. *Id.* ¶ 10.

    Government-mandated business closures are not "forces of nature." *See* TEX. INS. CODE § 542A.001(2)(c). Further, the Court finds that a virus is not a "force of nature" for the purposes of

5

this statute. The Court agrees that the *ejusdem generis* canon of statutory construction does not apply. Instead, the canon of *noscitur a sociis* applies. This interpretive maxim "counsels lawyers reading statutes that 'a word may be known by the company it keeps.'" *Graham County Soil and Water Conservation Dist. V. U.S. ex rel. Wilson*, 599 U.S. 280, 287 (2010) (citing *Russell Motor Car Co. v. United States*, 261 U.S. 514, 519 (1923)). Stated differently, words in a statute must be interpreted in the context of associated words. Chapter 542A.001(2)(c) lists classical examples of forces of nature—*i.e.*, those involving forces of earth, wind, wildfire, and water. The provision does not reference viruses, pandemics, or diseases. Further, although the Court need not look to legislative history given the plain language of the statute, the legislative history demonstrates that the Texas Legislature was concerned with weather and similar natural phenomena when it enacted Chapter 542A. The Court holds that Chapter 542A does not apply to Plaintiffs' claim.

     B.  <u>Plaintiffs have adequately pled a cause of action against Defendant Michels.</u>

Defendant Acadia alternatively argues that Defendant Michels was improperly joined. Plaintiffs argue that Defendant Michels is not improperly joined. Plaintiffs allege that Defendant Michels made no request for documents relating to Plaintiffs' claim during his investigation, that Acadia's denial of Plaintiffs' claim was so soon that Michels could not have done a proper investigation, that Michels conducted an outcome-oriented investigation, that Michels erroneously denied coverage based upon the Policy's virus exclusion when none of its restaurants had evidence of viral contamination, and that Michels misrepresented the scope of the Policy to Plaintiffs. ECF No. 7 ¶ 14. Plaintiffs assert that the discovery process will prove these allegations true. *Id.*

Defendants respond that Chapters 541 and 542 of the Texas Insurance Code, upon which Plaintiffs' claims are based, regulate the conduct of an insurer, and not an adjuster. ECF No. 8 ¶ 12. Defendant cites several cases declining to apply Chapter 542 to insurance adjusters, but none

doing the same with regard to Chapter 541. *Id*. ¶ 14. As to Chapter 541, Defendants assert that Plaintiffs have not alleged facts to support Plaintiffs' claim for misrepresentation under section 541.060(a)(1). *Id*. ¶ 16. Likewise, Defendants argue that Plaintiffs fail to state claims under subsections (a)(3), (a)(4), and (a)(7).

The Court finds that Plaintiffs claims do apply to insurance adjusters. As this Court has held before:

> "[a]n adjuster may be a "person" who is "engaged in the business of insurance" for purposes of violations of some provisions of the Texas Insurance Code. TEX. INS. CODE § 541.002 ("In this chapter . . . 'person' means an individual, corporation, association, . . . other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor."); *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) ("Texas law clearly authorizes Article 21.21 actions against insurance adjusters in their individual capacities.").

*Fairway Leasing, LLC v. Nationwide Mutual Ins. Co.*, No. 17-CA-752-XR, 2017 7693373 at *2 (W.D. Tex. Oct. 4, 2017). In that case, the plaintiff alleged, *inter alia*, that the adjuster conducted a substandard investigation that eliminated many of the damages pointed out by the plaintiff; that the adjuster's inadequate investigation was relied upon by the insurance company; that the adjuster misrepresented the extent of the plaintiff's damages; and that the adjuster failed to attempt in good faith to effectuate an equitable settlement of the claim. *Id*. This Court held that the adjuster was not improperly joined because the Court could discern which actions of the adjuster that the plaintiff complained of. *Id*. at *3–*4.

So too here. Plaintiffs allege misconduct on the part of Defendant Michels that is separate and apart from Defendant Acadia. Whereas Plaintiffs' claims against Acadia sound primarily in breach of contract, their claims against Defendant Michels rest on alleged violations of the Texas Insurance Code. To support their claims, Plaintiffs allege specific actions affirmatively taken or

omitted by Defendant Michels, including conducting an outcome-oriented investigation, failing to request relevant documentation, failing to appropriately consider Plaintiffs' responses to particular questions, failing to consider certain shelter-in-place orders, and misrepresenting the scope of the Policy to Plaintiffs. ECF No. 1-3 ¶¶ 34–37. Specifically, Plaintiffs allege that Michels made misrepresentations about the Policy's coverage for loss to the property. Construing all ambiguities against removal and in favor of remand, as this Court must, *Mehar Holdings, LLC. v. Evanston Ins. Co.*, No. 5:16–CV–491–DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016), the Court holds that Plaintiffs pled specific causes of action against Defendant Michels and that Defendant Michels is not improperly joined.

## CONCLUSION

The Court finds that Defendants have failed to establish that Defendant Michels was improperly joined, and that diversity jurisdiction is therefore lacking. Plaintiffs' Motion to Remand (ECF No. 7) is GRANTED. This case is therefore **REMANDED** pursuant to 28 U.S.C. § 1447(c), (d) for lack of subject matter jurisdiction.

It is so ORDERED.

**SIGNED** this 8th day of September, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

8